# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **CHRISTOPHER BUCKBERRY,** § <br> *Plaintiff,* § <br> § <br> **v.** § <br> § Civil Action No. 1:22-cv-00376 <br> **SOUTHWEST STAGE FUNDING, LLC** § <br> **DBA CASCADE FINANCIAL SERVICES,** § <br> *Defendant.* § | |

## NOTICE OF REMOVAL

Defendant Southwest Stage Funding, LLC dba Cascade Financial Services ("Defendant") removes this action pursuant to 28 U.S.C. § 1446(a) from the 250th Judicial District Court of Travis County, Texas to the United States Court for the Western District of Texas, Austin Division, and respectfully states as follows:

## PROCEDURAL REQUIREMENTS

1. This action is properly removed to this Court, as the state court action is pending within this district and division. 28 U.S.C. § 1441(a); 28 U.S.C. § 124(d)(1).

2. This notice is filed within 30 days of Defendant having been served with citation along with a true and correct copy of the plaintiff's petition in the state court action and is thus timely. 28 U.S.C. § 1441(b)(1).

3. The material from the state court action required to be attached hereto under 28 U.S.C. 1446(a) and LR81 is attached hereto and incorporated herein for all purposes as:

   a. **Exhibit A** – Plaintiff's Original Petition;

   b. **Exhibit B** – Temporary Restraining Order;

   c. **Exhibit C** – Defendant's Original Answer;

   d. **Exhibit D** – The docket sheet;

  e. **Exhibit E** – A list of all counsel of record; and

  f. **Exhibit F** – Declaration of Michael Burns.

4. Simultaneously with the filing of this Notice of Removal and pursuant 28 U.S.C. § 1446(d), Defendant is filing a copy of the Notice of Removal in the Court in which the state court action was filed.

## STATE COURT ACTION

Plaintiff Christopher Buckberry ("Plaintiff") filed his Original Petition, Application for Temporary Restraining Order, Temporary Injunction, Permanent Injunction, and Request for Disclosures (the "Petition") on April 4, 2022 in the 250th Judicial District Court of Travis County, Texas in the action styled: *Christopher Buckberry v. Southwest Stage Funding, LLC dba Cascade Financial Services*, Cause No. D-1-GN-22-001540 (the "State Court Action").

5. Plaintiff alleges the following in the Petition:

  a. Defendant allegedly breached its duties to provide notice of any transfer, assignment, or sale of the note, to properly manage the loan and the escrow amount, to comply with notice provisions, and to not mislead Plaintiff (Pet. at ¶ 11); and

  b. Defendant allegedly failed to comply with HUD regulations prior to accelerating and foreclosing a loan subject to the FHA. (Pet. at ¶ 24).

6. Plaintiff asserts the following causes of action in the Petition:

  a. Negligence

  b. Violation of Texas Property Code Ann. Chapter 51

  c. Breach of Contract

7. Plaintiff seeks further relief in the Petition that Plaintiff be awarded its reasonable and necessary attorney fees. (Pet. at ¶ 31).

8. Plaintiff seeks further relief in the Petition that Defendant be enjoined from causing Defendant's certain real property collateral (the "Property") to be sold at foreclosure sale. (Pet. at ¶¶ 35-47).

## DIVERSITY JURSIDICTION

9. A case may be removed to federal court if it could have been brought in federal court originally. 28 U.S.C. § 1441(a). Lawsuits between citizens of different states in which the amount in controversy exceeds $75,000 may be brought in federal court. 28 U.S.C. § 1332(a).

### A. THERE IS COMPLETE DIVERSITY AMONG THE PARTIES

10. Plaintiff is a natural person who resides in Travis County, Texas. (Pet. at ¶ 2). Plaintiff is thus a citizen of the State of Texas for diversity purposes.

11. Defendant is an Arizona limited liability company, headquartered in Chandler, Arizona. A limited liability company is a citizen of every state of which its owners/members are citizens. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). None of Defendant's members are citizens of Texas, therefore, Defendant is not a citizen of Texas for diversity purposes.

12. There is complete diversity amongst the parties because Plaintiff is a citizen of Texas and Defendant is a citizen of Arizona.

### B. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

13. Plaintiff pleads that he seeks "monetary relief over $250,000.00 but not more than $1,000.000." (Pet. at ¶ 34).

14. Further, Plaintiff seeks to enjoin the foreclosure sale of the Property. (Pet. at ¶¶ 35-47). When declaratory or injunctive relief is sought, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc*. 89 F.3d 252, 256 (5th Cir. 1996). Stated differently, "the amount in controversy, in an action for declaratory and injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983); *see also Lamarr v. Chase Home Finance, LLC*, 2008 WL 4057301 (N.D. Miss. 2008) (finding amount in controversy requirement was satisfied where plaintiff sought to set aside foreclosure sale and home appraised for $83,000.00, plus unspecified amount of monetary damages); *Bank of America National Trust and Sav. Assoc. v. Reeves*, 1995 WL 96617, *1 (E.D. La. 1995) (court held that the amount in controversy was met in action seeking to enjoin foreclosure on property because the suit "puts at issue the entire value of the property on which they attempt to enjoin defendants from foreclosing.").

15. "Reasonable bases for valuing properties include 'purchase price, market value, or outstanding principal and interest.' This court considers market value to be the preferred method." *McPherson v. Bank of Am., N.A.*, No. H-16-3498, 2016 U.S. Dist. LEXIS 180115, at *6 (S.D. Tex. Dec. 30, 2016) (citations omitted). A defendant who attaches to a notice of removal the local appraisal district's summary showing the market value of the property exceeds $75,000.00 meets the burden of establishing that diversity jurisdiction exits. *See id.* at *6; *see also Govea v. JPMorgan Chase Bank, N.A.*, No. H-10-3482, 2010 U.S. Dist. LEXIS 130940, at *11 (S.D. Tex. Dec. 10, 2010); *Funke v. The Money Source Nat'l Tr. Co.*, Civil Action No. 5:14-CV-307, 2014 U.S. Dist. LEXIS 104438, at *5–6 (W.D. Tex. July 31, 2014); *Johnson v. Wells*

*Fargo Bank, N.A.*, No. 4:12CV768, 2013 U.S. Dist. LEXIS 41583, at *7 (E.D. Tex. Feb. 22, 2013).

16. As set forth on the declaration of Michael Burns, a true and correct copy of which is attached hereto and incorporated herein for all purposes as **Exhibit F**, the 2021 Travis County, Texas Appraisal District's appraisal of the Property values it at $294,393.00. The amount in controversy thus exceeds $75,000.00.

**WHEREFORE**, Defendant thus removes this action from the 250th Judicial District Court of Travis County, Texas to the United States Court for the Western District of Texas, Austin Division, so that this Court may assume jurisdiction over this cause as provided by law.

Respectfully Submitted,

**PADGETT LAW GROUP**

 ___/s/ Jonathan C. Smith_____
Michael J. Burns, SBN 24054447
Jonathan C. Smith, SBN 24103940
5501 East LBJ Freeway, Suite 925
Dallas, TX 75240
Email: txattorney@padgettlawgroup.com
(850) 422-2520 Telephone
(850) 422-2567 Facsimile

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that I served a true and correct copy of the foregoing to counsel for Plaintiff, Robert C. Newark, III, via email and the Court's CM/ECF system on April 20, 2022.

*/s/Jonathan C. Smith*
Jonathan C. Smith